EUGENE RUSS, Administrator, Appellant, v. THE AMERICAN CEREAL COMPANY, Appellee.

**Successive Appeals:** STARE DECISIS:   EVIDENCE.   A decision of the supreme court on appeal becomes the law of the case and governs a retrial in the district court, and on another appeal, unless the facts on the second trial are materially different. Evidence considered and held in all material respects to be the same as on the first trial.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

FRIDAY, OCTOBER 30, 1903.

ACTION to recover damages for the death of the plaintiff's intestate.   There was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Charles A. Clark & Son* and *Wm. G. Clark* for appellant.

*Dawley, Hubbard & Wheeler* for appellee.

PER CURIAM.—This is the second appeal in this case and the controlling facts are set forth in the opinion upon the former appeal and will not be repeated. See 110 Iowa, 743. Upon the case as it was then presented, we held that the plaintiff was not entitled to recover, and that there should have been a directed verdict for the defendant, and for that reason reversed the judgment of the trial court. Upon a retrial in the district court the testimony given upon the former trial was read to the jury, and in addition thereto two witnesses were examined on the part of the plaintiff; one of them (Taylor) having testified on the other trial, and the other being a new witness. The appellee contends that the facts presented by the present appeal are precisely the same as those shown on the first trial, and that the decision then was a full and complete adjudication of the present case, and, such being true, that the verdict was properly directed for the defendant. It is the settled rule in this state that the decision of this court upon the first appeal becomes the law of the case, and is to govern upon a subsequent trial thereof in the district court, and upon another appeal, unless the facts before the court upon the second trial are materially different from those appearing upon the first. *Adams County v. B. & M. R. R. Co.*, 55 Iowa, 94; *Babcock v. C. & N. W. Ry. Co.*, 72 Iowa, 197. The testimony of the witness Taylor given upon the last trial is in all material respects precisely the same as that given by him on the first trial. He was examined on both trials as to the size and condition of the trapdoor, its bearings, and the opening thereunder through which the deceased fell.

Upon the last trial he went a little more into detail as to
the bearings upon which the door rested when in place,
but his testimony gave no new facts as to the exact con-
dition existing at the time of the accident. John M. Null
was the new witness used upon the second trial.    He was
called as an expert, and testified, in answer to hypothetical
questions, that in his judgment a strip of board might have
been placed under the west edge of the trap door, so that
it could not have tipped with a given weight upon it, and
that it was entirely practicable as a mechanical propo-
sition to furnish sufficient bearings for the door.    The
entire record in this case shows conclusively that the facts
testified to by this witness were as patent to all men of
ordinary intelligence as they were to him, and that his
testimony added nothing to that already before the jury.
An examination of the evidence before the court on both
trials convinces us that it was in all material respects pre-
cisely the same.    The substituted petition filed herein be-
fore the last trial omitted all reference to the unfastened
condition of the trapdoor hinges, and alleged as the cause
of the accident the lack of sufficient bearings for the door.
But this can make no material difference in the final dis-
position of the case, because the same matter was urged
and relied upon by the appellant upon the other submis-
sion, and was determined adversely to his contention.

The court properly directed a verdict for the defend-
ant, and the judgment is AFFIRMED.