STATE OF IOWA, appellee, v. FLOREN DI PAGLIA, appellant.

No. 48937

(Reported in 78 N.W. 2d 472)

98

SEPTEMBER 18, 1956.

REHEARING DENIED NOVEMBER 16, 1956.

 ▆▆▆▆▆▆▆▆▆▆▆

C. T. Cardamon, of Des Moines, and R. E. Hanke (now deceased), of Des Moines, for appellant.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak and George C. West, Assistant Attorneys General, and Leo J. Tapscott, County Attorney, Polk County, for appellee.

HAYS, J.—This case is here for the second time. See State v. Di Paglia, 247 Iowa 79, 71 N.W.2d 601.

██ Appellant was indicted and convicted of bribery in an athletic contest, section 739.12, Code of 1954. He was sentenced to an indeterminate period not to exceed ten years in the Men's Reformatory at Anamosa, Iowa. On appeal the judgment was modified, affirmed and remanded. We held the crime with which he was charged was not a felony and remanded the same for judgment accordingly.

Upon the remand the trial court entered judgment of a term of five months at hard labor in the Polk County jail, and to pay a fine in the sum of one thousand dollars. Upon failure to pay the fine, the defendant should be committed to the jail for an additional period of time at the rate of $5 per day; same to run consecutively with the five months. It is from this judgment that the present appeal was taken.

Appellant assigns three errors: (1) Section 739.12, Code of 1954, is unconstitutional in that it violates the provisions of Ar-

ticle I, section 17, Constitution of Iowa. (2) Section 739.12, Code of 1954, violates Article I, section 6, Constitution of Iowa. (3) Section 739.12, Code of 1954, violates the provisions of the Fourteenth Amendment to the Constitution of the United States.

This being the second appeal, the question of the law of the case is important. In Des Moines Bank & Trust Co. v. Iowa Southern Util. Co., 245 Iowa 186, 189, 61 N.W.2d 724, 726, we said:

"We are firmly committed to the doctrine that the legal principles announced and the views expressed by us in an opinion, right or wrong, are conclusively binding, throughout further progress of the case, upon the litigants, the trial court upon remand and this court in later appeals. Likewise, matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal."

See also Lawson v. Fordyce, 237 Iowa 28, 21 N.W.2d 69; 5 C. J. S., Appeal and Error, sections 1821 and 1825. It is appellee's contention that all matters here raised were determined in the former appeal, and it thus is necessary to examine that decision.

The statute under consideration in the first appeal is the same one here assailed, i. e., section 739.12, Code of 1954. In the former appeal the constitutionality of the statute was assailed, it being specifically alleged that it violated Article I, section 9, Iowa Constitution; Article I, section 17, Iowa Constitution; and the Fifth and Fourteenth Amendments, U. S. Constitution. On each contention the decision was adverse to appellant. On this appeal it is asserted to be violative of Article I, section 17, and Article I, section 6, Iowa Constitution, and the Fourteenth Amendment, U. S. Constitution. Thus it is apparent that as to section 17, Article I, Iowa Constitution, and the Fourteenth Amendment, U. S. Constitution, these were categorically submitted and determined on the former appeal and are clearly within the rule of "the law of the case." On this appeal for the first time, it is urged that the statute violates Article I, section 6, Iowa Constitution. Does this present a new issue? We hold it does not.

█ It is the established rule that appeals may not be by piecemeal. 5 C. J. S., Appeal and Error, section 1825; Lawson v. Fordyce, supra. This appeal, as did the former one, involves the validity of section 739.12, Code of 1954. Having raised that question on the former appeal and having had a determination that such statute was constitutional, such is the law of the case and may not again be argued, even though a different reason for so claiming is now urged.

The foregoing disposes of all errors assigned. For reasons above stated the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.