In the Matter of the Proposed Reorganization of the LONE TREE COMMUNITY SCHOOL DISTRICT OF the COUNTIES OF JOHNSON AND LOUISA, State of Iowa.

BOARD OF DIRECTORS OF the LONE TREE COMMUNITY SCHOOL DISTRICT OF the COUNTIES OF JOHNSON AND LOUISA, County Board of Education of Johnson County, Iowa; Marshall R. Field, County Superintendent of Schools, Johnson County, Iowa, Appellants,

v.

COUNTY BOARD OF EDUCATION OF LOUISA COUNTY, Iowa; County Board of Education of Muscatine-Scott Counties, Iowa; Board of Directors of Nichols Independent School District of the County of Muscatine, State of Iowa, Appellees.

No. 53073.

Supreme Court of Iowa.

June 11, 1968.

Rehearing Denied July 18, 1968.

Robert Osmundson, Iowa City, and Russell R. Newell, Columbus Junction, for appellants.

A. Wayne Eckhardt, Muscatine, and Robert F. Barclay, West Liberty, for appellees.

RAWLINGS, Justice.

The case at bar involves a school reorganization controversy.

Trial court sustained defendants' motion to dismiss plaintiffs' petition challenging dismissal of all proceedings by State Department of Public Instruction, and they appeal. We affirm.

The factual situation leading to a prior appeal is set forth in 150 N.W.2d 637, and need not be repeated.

We there reversed trial court and remanded to department of public instruction for new hearing, which was held. July 14, 1967, the department dismissed all proceedings.

Plaintiffs then invoked appellate jurisdiction of the district court. The problem now posed is whether trial court erred in sustaining defendants' pleading based motion.

By their petition plaintiffs allege, in substance, appeal is taken because the State Department of Public Instruction, hereafter sometimes referred to as the department:

(1) could only affirm action of joint county boards under the record and prior decision of this court;

(2) did not comply with the procedendo previously issued;

(3) considered objections by those not within the proposed district, having no right to vote on the matter;

(4) did not follow the prior order and directions of this court;

(5) considered matters wholly outside the record;

(6) based its decision on a mistake of law.

Plaintiffs then assert the department acted arbitrarily, unreasonably, capriciously in that it:

(1) adopted unwarranted assumptions based on matters outside the record;

(2) overruled a prior order of the joint county boards without support in the record;

(3) arrived at a decision in conflict with its prior pronouncements relative to school district reorganization;

(4) substituted its judgment, without basis, for that of the joint county boards;

(5) determined the matter contrary to recommendations of its executive officer.

It is then prayed the department's order "* * * be set aside, vacated, and held for naught; and that the decision of the Joint Boards of the Counties of Johnson, Louisa and Muscatine made January 5, 1966, and published January 13, 1966, be affirmed and reinstated; and that the Court grant such other and further relief as may be just and equitable in the premises."

A copy of the department's order is attached to the petition.

By their motion to dismiss, defendants assert law of the case is established by our prior opinion, as a result of which plaintiffs cannot have the benefit of any relief prayed.

I. Certain relevant principles of law relative to construction of pleadings, assailed by motion to dismiss, are found in LaMotte Ind. Sch. Dist. v. Jackson County Bd. of Ed., Iowa, 155 N.W.2d 423, 424–425. For brevity we quote them without citation of supportive authorities.

"Where, as in this case, a doubtful pleading is challenged before issues are joined, it will be resolved against the pleader."

"Also, a timely motion to dismiss should be sustained where the challenged pleading fails to state a claim on which any relief asked can be allowed."

"It is of course understood a party must plead ultimate facts, not mere legal conclusions alone."

"The prayer of a petition must always be examined to determine what constitutes the subject matter of litigation for judicial purposes, and generally the relief to be afforded is accordingly limited."

Also, in Halvorson v. City of Decorah, 258 Iowa 314, 319–320, 138 N.W.2d 856, 860, this court stated:

"Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Newton v. City of Grundy Center, supra (246 Iowa 916, 70 N.W.2d 162). Facts not so appearing, except those of which judicial notice must be taken, must be ignored. Winneshiek Mutual Insurance Association v. Roach, supra, (257 Iowa 354) 132 N.W.2d at 443. Such motions must specify wherein the pleading they attack is claimed to be insufficient. R.C.P. 104(d).

"While a motion to dismiss admits the truth of all well-pleaded, issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. Harvey v. Iowa State Highway Commission, [256 Iowa 1229, 1230,] 130 N.W.2d 725, 726; Hahn v. Ford Motor Co., supra, [page 29 of 256 Iowa,] 126 N.W.2d at 352.

"'A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statement of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts.' Winneshiek Mutual Insurance Association v. Roach, supra, [at page 367 of 257 Iowa] 132 N.W.2d at 444."

II. In addition we have repeatedly held no civil court may substitute its judgment for that of the State Department of Public Instruction as to wisdom of action taken by it. In re Lone Tree Community School District etc., Iowa, 150 N.W.2d 637, 640.

Neither is it within the province of our judiciary to weigh the wisdom of legislative action by school boards acting pursuant to proper statutory authority. LaMotte Ind. Sch. Dist. v. Jackson County Bd. of Ed., supra.

III. Noticeably defendants, by their motion to dismiss, do *not* contend plaintiffs' petition consists of mere conclusions.

As aforesaid the petition is challenged only on the premise "law of the case" precludes consideration of the existent controversy by any court. We are accordingly confined.

With regard to the foregoing rule 104, R.C.P. provides in material part:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if

none is required, then at the trial, except that:

"(a) * * *

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

"(c) * * *

"(d) Such motions must specify wherein the pleading they attack is claimed to be insufficient." See also McDannel v. Parkview Investment Corp., 257 Iowa 1160, 1163, 136 N.W.2d 281.

■ And with peculiar relevancy to the matter here presented this court said in Gross v. Hocker, 243 Iowa 291, 296, 51 N.W.2d 466, 468, "The ruling on the motion to dismiss will not be upheld here on a ground not asserted in the trial court." See also American Mutual Liability Ins. Co. v. State Automobile Ins. Ass'n., 246 Iowa 1294, 1303, 72 N.W.2d 88.

■ Furthermore, as stated in Emmert v. Neiman, 245 Iowa 931, 934, 65 N.W.2d 606, 608: "We have held many times that in reviewing a ruling sustaining a motion to strike or dismiss, the same should be sustained if any of the grounds advanced are good, even though the one upon which the trial court based its ruling is not."

■ IV. Law of the case doctrine was discussed in Lawson v. Fordyce, 237 Iowa 28, 32, 21 N.W.2d 69. This from Russ v. American Cereal Co., 121 Iowa 639, 640, 96 N.W. 1092, is first quoted: " 'It is the settled rule in this state that the decision of this court upon the first appeal becomes the law of the case, and is to govern upon a subsequent trial thereof in the district court, and upon another appeal, unless the facts before the court upon the second trial are materially different from those appearing upon the first.' "

Continuing we said: "An aggrieved party may, by statute and the rules of this court, petition the latter for a rehearing on the appellate decision. But, such relief being denied, the said appellate decision becomes conclusively binding in the further progress of that case upon the litigants, the trial court on retrial, and the appellate court. This court, on a second appeal of the same case, when the same rulings or legal questions are presented under substantially the same record, 'will not revise, reverse, or review its former decision.' Burlington, C. R. & N. Ry. Co. v. Dey, 89 Iowa 13, 24, 56 N.W. 267, 271. 'Likewise, matters necessarily involved in the determination of a question are settled by the decision when the same are again presented on a subsequent appeal.' 3 Am.Jur. 549, Sect. 994 p. 549; City of Hastings v. Foxworthy, 45 Neb. 676, 63 N.W. 955, 34 L.R.A. 333."

■ Then in Mass v. Mesic, 258 Iowa 1301, 1306, 142 N.W.2d 389, 392, is this presentation of the principle.

"To determine this question of law of the case it is necessary to determine first what our rule is, does it include every question that could have been raised on the first appeal or does it apply only to those questions that were properly before us for consideration and passed on? It is the latter. Our rule is stated in Des Moines Bank & Trust Co. v. Iowa Southern Utilities Co. of Delaware, 245 Iowa 186, 189, 61 N.W.2d 724, 726, quoted with approval in State v. Di Paglia, 248 Iowa 97, 99, 78 N.W.2d 472, 473, as follows:

" 'We are firmly committed to the doctrine that the legal principles announced and the views expressed by us in an opinion, right or wrong, are conclusively binding, throughout further progress of the case, upon the litigants, the trial court upon remand and this court in later appeals. Likewise, matters necessarily involved in the determination of a question are settled by the opinion when such matters are again presented on a subsequent appeal.'

"A question not passed on is not included."

With regard to the foregoing see also Williams v. Rentz Banking Company, 114 Ga.App. 778, 152 S.E.2d 825, 828; 5B C.J.S. Appeal and Error § 1964, page 550; and 5 Am.Jur.2d, Appeal and Error, sections 744–759, pages 188–201.

V. By our prior opinion, cited supra, we determined: (1) the State Department of Public Instruction erroneously based its decision, in large part if not entirely, upon a spurious and undisclosed independent survey; (2) trial court erred in adopting and reinstating the decision of the joint county boards; (3) at hearing on remand to State Department of Public Instruction all parties are entitled to full disclosure of the survey or study report employed in connection with the first departmental hearing, meaning inferentially, there must be full disclosure in event the department used its spurious survey report in arriving at a decision on second hearing; (4) in establishing boundary lines the Town of Nichols could not be divided into two separate school districts.

As previously revealed plaintiffs pray the department's dismissal order be vacated; and decision of the joint county boards be affirmed. It will be noted a semicolon is employed followed by the word "and". We are persuaded this means plaintiffs, in effect, seek conjunctive relief.

In support of that conclusion 79 C.J.S. at page 1038, states: "According to well established grammatical rules, the semicolon is a mark of grammatical punctuation, or a point of punctuation, which is used in the English language.

"The semicolon shows that two sentences, each of which should stand alone, have been combined into one sentence, and is the chief stop intermediate in value between the comma and the full stop. The main reason for using the semicolon is that the break is too decided for the comma, and it has been said that the semicolon is used only to separate parts of a sentence more distinctly than a comma.

"It is employed for marking off a series of sentences or clauses of coördinate value, or for the purpose of continuing the expression of a thought, and never for introducing a new idea. It is also used to separate coördinate clauses of unusual length and those which contain commas, whether or not the clauses are joined by conjunctions, or independent clauses which are not joined by a conjunction; to distinguish the conjunct members of a sentence; to separate sentences, the latter of which limits the former; to separate conditional clauses joined by conjunctive adverbs; to separate consecutive phrases or clauses which are independent of each other grammatically, but dependent alike on some word preceding or following; or to show that what follows is grammatically independent, although closely related in thought." See also In re Jones' Estate, 55 Cal.2d 531, 11 Cal.Rptr. 574, 360 P.2d 70, 73, and Empire Ins. Co. of Texas v. Cooper, Tex.Civ.App., 138 S.W.2d 159, 163–164.

As applied to the situation now before us, if the action of the joint county boards were to be reinstated then it follows, as a necessary concomitant, the state department's ruling must be set aside. By way of illustration plaintiffs, on one side of the coin, ask adoption of prior action by joint county boards, and on the other, of necessity, vacation of the department's dismissal order. The coin cannot be so divided. And, with respect to the matter of reinstatement of action by joint county boards, our prior decision established law of the case adverse to plaintiffs.

We now hold, law of the case precludes the grant of any relief prayed by plaintiffs. This in turn means, trial court's order, sustaining defendants' motion to dismiss, must be and is

Affirmed.

All Justices concur.