**STATE of Iowa, Appellee,**

v.

**Mark Noeding GROSVENOR, Appellant.**

No. 85–1880.

Supreme Court of Iowa.

March 18, 1987.

Rehearing Denied April 9, 1987.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., J. Patrick White, Co. Atty., and Jack Dooley, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

NEUMAN, Justice.

On September 7, 1983, Johnson County law enforcement officers executed a search warrant at an Iowa City rooming house where the defendant Mark Noeding Grosvenor and three other persons resided. Upon their arrival at the residence in an unmarked vehicle, the officers observed the defendant looking outside from a second story window. After knocking at the door and identifying themselves as sheriff's deputies, they heard scurrying about on the second level of the residence; defendant then came down and unlocked the door. A search of the rooming house uncovered 856 grams of marijuana and 52 grams of psilocybin mushrooms located in a hall closet just outside defendant's room. The mushrooms were cold to the touch, indicating to the officers that they had just recently been moved to the closet from a refrigerator. Upon arresting the defendant, officers seized his wallet containing $877. Included in that cash were two twenty-dollar bills and one ten-dollar bill marked with serial numbers recorded by one of the officers earlier in the day before giving them

to a confidential informant for the purpose of making a drug buy.

Based on the foregoing evidence, the defendant was charged by trial information with two crimes, possession of marijuana with intent to deliver in violation of Iowa Code section 204.401(1)(b) (1983) and possession of psilocybin with intent to deliver in violation of Iowa Code section 204.-401(1)(b) (1983). A jury convicted the defendant as charged on the first count and convicted him of the lesser-included offense of possession of psilocybin in violation of section 204.401(3) on the second.

On appeal from the judgment and sentence entered upon these convictions, the defendant raises three issues: (1) Was it error for the trial court to overrule defendant's objection to evidence suppressed as a result of a prior appeal to the Iowa Court of Appeals? (2) Was it error for the trial court to overrule the defendant's objection to the introduction of marked bills evidencing defendant's sale of illegal drugs earlier on the day of his arrest? (3) Did the State present sufficient evidence to prove the defendant guilty beyond a reasonable doubt? Finding no merit in any of defendant's assigned errors, we affirm the trial court.

I. *Evidence suppressed by the court of appeals.*

This appeal is from defendant's second trial on these same charges. In a prior appeal, the court of appeals reversed his convictions because of the introduction of incriminating evidence unlawfully seized from defendant's bedroom based on an invalid search warrant. The search warrant was held to be valid, however, for the common areas of the rooming house including the hall closet where the marijuana and psilocybin mushrooms were found.

In its prior decision, the court of appeals made the following factual findings:

On September 7, 1983, police applied for and received a warrant to search the east side of 1822 Friendship, a duplex in Iowa City where the defendant lived. During the search marijuana and psilocy-bin mushrooms were found in a second floor hall closet of the building. Grosvenor's room was also searched and police seized thirteen books on drug-related topics, two scales, two calendars, a piece of white notepaper, $4000 found in a jacket pocket hanging in the closet of Grosvenor's room, *and $800 in Grosvenor's wallet.*

(Emphasis added.)

In a later portion of the opinion, after finding that probable cause supported issuance of a search warrant for the common areas of the residence but not defendant's room, the court of appeals concluded:

We hold that the evidence obtained from Grosvenor's room should have been excluded as the result of an improper search; and that the search of the common areas was properly made and the evidence resulting from that search properly included.

Pertinent to the foregoing findings is the following excerpt from the first trial transcript in which the arresting officer was asked how he obtained defendant's wallet:

After discovery of the marijuana near his room, [defendant] was placed under arrest by me for the marijuana, and following his arrest I removed from him this wallet containing $877.

Prior to his second trial, defendant filed a motion to suppress the introduction of his wallet containing the $877 in cash and marked bills. The trial court reserved ruling on the motion, concluding that a fact issue existed concerning where and when defendant's wallet was taken from his person. Upon retrial, the State offered the uncontroverted testimony of the arresting officer clarifying that the defendant's wallet was not seized from defendant's room but was removed from defendant's trouser pocket in a search of the defendant's person which occurred outside the residence after his arrest.

The defendant objected to the introduction of this evidence, claiming that irrespective of any factual mistake which may have been made by the court of appeals, its findings were binding in any subsequent

retrial in accordance with the law of the case doctrine. The trial court disagreed and the currency from the wallet was admitted into evidence over defendant's objection.

The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided. *In re Hermence's Estate*, 235 Iowa 745, 748, 15 N.W.2d 905, 907 (1944). It is a rule which provides that the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals. *State v. Di Paglia*, 248 Iowa 97, 99, 78 N.W.2d 472, 472–73 (1956); *Des Moines Bank and Trust Co. v. Iowa Southern Utilities Co.*, 245 Iowa 186, 189, 61 N.W.2d 724, 726 (1953).

▆▆▆ The principle is not applicable, however, if the facts before the court upon the second trial are materially different from those appearing upon the first. *Lawson v. Fordyce*, 237 Iowa 28, 32, 21 N.W.2d 69, 73 (1945) (quoting *Russ v. American Cereal Co.*, 121 Iowa 639, 640, 96 N.W. 1092, 1092 (1903)); *In re Lone Tree Community School District*, 159 N.W.2d 522, 526 (Iowa 1968). Likewise, the doctrine does not preclude consideration of issues that could have been, but were not, raised in the first appeal. *Lone Tree*, 159 N.W.2d at 526; *Mass v. Mesic*, 258 Iowa 1301, 1306, 142 N.W.2d 389, 392 (1966).

▆▆▆ We are convinced that the trial court properly applied the exceptions, not the rule, in the case before us. The legal conclusion announced in the first appellate decision was that "the evidence obtained from Grosvenor's room should have been excluded as the result of an improper search." The State has not attempted to relitigate that issue on this second appeal. The State has, however, offered additional facts demonstrating that the wallet was not among the items unlawfully seized from the defendant's room. This piece of evidence was found by the trial court to be materially at variance with the facts found by the court of appeals. Accordingly, the trial court refused to apply the law of the case doctrine. We hold that the trial court correctly interpreted our prior decisions and properly overruled the defendant's objection to the introduction of this evidence.

## II. *Evidence of prior criminal activity.*

In order to sustain convictions against the defendant for the crimes charged in the trial information, the burden rested upon the State to prove that the defendant not only possessed illegal drugs but possessed them with *intent to deliver*. As part of its proof, the State offered into evidence the three serialized bills found in defendant's wallet which had been marked earlier in the day by a law enforcement officer before being given to a confidential informant for the purpose of purchasing drugs at defendant's residence. Defendant objected to the introduction of this evidence, claiming it constituted improper evidence of other crimes. The trial court overruled the objection, finding the evidence "relevant insofar as evidence of intent to deliver is concerned."

Iowa Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have no quarrel with defendant's contention that, generally, evidence which shows commission of crimes other than the one with which a defendant is charged is inadmissible. *State v. Howell*, 290 N.W.2d 355, 360 (Iowa 1980) (quoting *State v. McDaniel*, 265 N.W.2d 917, 921 (Iowa 1978)). However, we have departed from the general rule and applied the exceptions of rule 404(b). *See generally State v. Spargo*, 364 N.W.2d 203 (Iowa 1985) (evidence of prior sex acts with minors admissible to prove intent in prosecution for assault with intent to commit sexual abuse

against a minor); *State v. Mendiola,* 360 N.W.2d 780 (Iowa 1985) (defendant's prior conviction of a drug-related offense admissible to prove knowledge in prosecution for similar crime); *State v. Storrs,* 351 N.W.2d 520 (Iowa 1984) (evidence of other overdrafts admissible to show intent, knowledge and absence of mistake in prosecution for theft based on a dishonored check); *State v. Fetters,* 202 N.W.2d 84 (Iowa 1972) (evidence of other breaking and entering admissible as probative of defendant's intent to commit larceny in the charged offense).

As we recently stated in *State v. Barrett,* 401 N.W.2d 184, 186 (Iowa 1987), our primary task in applying rule 404 is to determine whether the challenged evidence is relevant and material to some legitimate issue other than a general propensity to commit wrongful acts. Given the nature of the charges in the case before us, defendant's intent was very much an issue. Cash found on the defendant was known to have been exchanged in a drug transaction that very day. The introduction of that evidence to show the intent of the defendant with regard to other drugs in his possession seems to us highly probative on the issue of his intent. Furthermore, the proximity of the two incidents vitiates any suggestion that the evidence was offered solely for the purpose of proving the defendant's general propensity to deliver illegal drugs. We find no error by the trial court in admitting the currency over the defendant's objection.

### III. *Sufficiency of the evidence.*

For his final assignment of error, defendant asserts that the State failed to present sufficient evidence to prove him guilty beyond a reasonable doubt. This contention was not raised by way of motion for judgment of acquittal in the trial court and cannot be urged for the first time here. Iowa R.Crim.P. 18(8); *State v. Dickerson,* 313 N.W.2d 526, 529 (Iowa 1981). The fact that defendant appeared pro se does not excuse his failure to preserve this claim of

error. *State v. Hutchison,* 341 N.W.2d 33, 40 (Iowa 1983).

AFFIRMED.