CLINTON FEDERAL SAVINGS & LOAN ASSOCIATION, Pioneer Federal Savings & Loan Association, Mississippi Valley Savings & Loan Association, Peoples Savings & Loan Association, Independence Federal Savings & Loan Association, First Federal Savings & Loan Association of Carroll, and Northwest Federal Savings & Loan Association of Spencer, Appellants,

v.

IOWA–DES MOINES NATIONAL BANK n/k/a Norwest Bank N.A., Appellee.

No. 90–1411.

Court of Appeals of Iowa.

May 29, 1991.

Craig D. Warner of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for appellants.

Ross H. Sidney, Mark J. Wiedenfeld, and Patrick J. McNulty of Grefe & Sidney, Des Moines, for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

This is the third time these parties have come before this court. *See Clinton Federal Savings and Loan Ass'n v. Iowa–Des Moines National Bank*, 391 N.W.2d 712 (Iowa App.1986) and *id.*, 451 N.W.2d 44 (Iowa App.1989). Their dispute arises out of a loan participation agreement entered into by the parties in which they agreed to loan $2.7 million to a developer. The mechanics of the participation agreement provided that Iowa–Des Moines National Bank, now known as Norwest Bank, the lead lender, would make periodic disbursements of the loan proceeds to the borrower for construction. The bank would then contact the plaintiff savings and loan institutions requesting reimbursement for their proportionate share of the funds advanced by the defendant. After the developer defaulted on his loan, the plaintiff savings and loan institutions claimed the bank failed to promptly notify them of the borrower's default. Plaintiffs contended the failure to notify caused them damage be-

cause they continued to advance funds for the construction of the project they would not have advanced had they known of the default.

In our second opinion involving this same controversy, we held as a matter of law that defendant's failure to notify the plaintiffs was a breach of the loan participation agreement. *Clinton Federal Savings and Loan Ass'n v. Iowa–Des Moines National Bank*, 451 N.W.2d 44 (Table) Slip op. at 17 (Iowa App.1989). In discussing proximate cause, we also found as a matter of law the trial court erred in concluding plaintiffs would not have ceased funding the project in November 1974. *Id.* at 15 [451 N.W.2d 44 (Table)]. We remanded this matter to the district court for determination of plaintiffs' damages caused by the bank's breach of the agreement. *Id.* at 17 [451 N.W.2d 44 (Table)]. Additionally, on remand we directed the trial court to consider whether defendant was negligent in failing to notify plaintiffs of the borrower's default in November 1974. *Id.*

Following remand, no new evidence was presented. The district court found Norwest was negligent in failing to promptly notify plaintiffs of the developer's default in November 1974. As stated previously, our second opinion had previously established the failure to notify was a breach of the agreement and the proximate cause of plaintiffs' damages. In measuring plaintiffs' damages, the district court concluded plaintiffs had lost $1,305,373.79 by continuing to fund the project after the borrower's default. It also found that plaintiffs would have lost only $1,239,334.50 had they been promptly notified by Norwest because they would have abandoned the project after the December 5, 1974, disbursement. Therefore, damages were set at $75,032.29.

Plaintiffs once again appeal. On appeal, plaintiffs do not dispute the methodology the court used in arriving at damages; rather they dispute one big line item they paid on December 5, 1974. On December 5, 1974, the developer was advanced $402,-000 to cover estimates for work completed by contractors prior to November 21, 1974. The district court concluded the plaintiffs would have made the disbursement even had they known of the borrower's default because the work had already been performed by the contractors. The district court would not allow the plaintiffs to recoup the $402,000.

Our review of this action at law is on assigned error. Iowa R.App.P. 4. The findings of fact of the trial court have the effect of a special verdict. *Id.* These findings are binding upon this court if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1).

We are presented with a single issue: Whether the district court erred in finding that plaintiffs would have made the December 5, 1974, disbursements. We conclude this finding was erroneous and we therefore reverse.

Plaintiffs argue that the district court's finding is not supported by substantial evidence. Plaintiffs contend the evidence establishes they would have abandoned the project completely in November 1974; they would not have paid the estimates on December 5, 1974, had they known the developer's true financial situation. They assert that all payments made after November 21, 1974, constitute their measure of damages. Plaintiffs believe that by finding to the contrary, the district court erred and its judgment must be reversed.

The record before us on this appeal is essentially the same as was before us in the second appeal. No new evidence was submitted on the second remand. In our second opinion we stated:

> Plaintiffs' witnesses, in an offer of proof, each testified that they would have stopped funding if promptly notified of borrower's breach. Defendant did not attempt to [impugn] the credibility of plaintiffs' witnesses. Nevertheless, the trial court made alternative findings of what plaintiffs would have done in November 1974. The trial court's findings of fact in this regard may not reasonably be inferred from the evidence and therefore are not supported by substantial evidence. *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983). The trial court substituted its judgment for that of the

plaintiffs' witnesses, despite the fact their testimony was uncontroverted. These conclusions were unsupported by the record and are not binding on appeal. *We find as a matter of law the trial court erred in concluding plaintiffs would not have ceased funding the project in November 1974.*

*Id.,* slip op. at 15 [451 N.W.2d 44 (Table)] (emphasis added).

We also stated:

We hold the evidence establishes as a matter of law defendant breached the agreement. We held on remand that evidence of what the lenders would have done if promptly notified of borrower's default relates to the speculativeness of damages on this issue. *Clinton Federal,* 391 N.W.2d at 719. *The evidence was uncontroverted the plaintiffs would have stopped funding and declared a default.* We hold the evidence establishes as a matter of law defendant breached the agreement and is liable for damages. We remand for findings of fact, based on the record, as to plaintiffs' damages. We remind the trial court we set out the extent of defendant's liability for damages in *Clinton Federal,* 391 N.W.2d at 719.

*Id.,* slip op. at 17 [451 N.W.2d 44 (Table)] (emphasis added).

In *Clinton Federal [I],* we stated, "The lead lender's liability for damages * * * is limited to damages *arising from any disbursements made after November of 1974.*" *Id.* 391 N.W.2d at 719 (emphasis added).

On remand for the second time, the district court concluded the bank should have notified the participants of the default no later than November 21, 1974. This finding is not challenged. In accord with our prior opinion, the district court found the plaintiffs would have abandoned the project had they been notified of the borrower's default. However, contrary to our earlier pronouncements, the trial court found plaintiffs would have made a disbursement in December 1974.

The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided. It is a rule which provides that the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals.

The principle is not applicable, however, if the facts before the court upon the second trial are materially different from those appearing upon the first. Likewise, the doctrine does not preclude consideration of issues that could have been, but were not, raised in the first appeal.

*State v. Grosvenor,* 402 N.W.2d 402, 405 (Iowa 1987) (citations omitted).

Here, we apply the principle of the law of the case unless some exception for its application exists. We conclude no exception exists here. The facts before the district court on the second remand were not materially different from those appearing upon the first—in fact, no new evidence was taken. No new issues were raised on remand that were not raised in the appeal. Therefore, the law of the case is that the plaintiffs would have ceased funding in November 1974. While this finding was made in relation to the issue of proximate cause, the finding was essential to our previous decisions and equally binding on the issue of damages. The district court erred in concluding plaintiffs would have ceased funding in December 1974, only after they had made the December 5, 1974, disbursement.

We reverse the trial court on this finding and remand for entry of judgment in plaintiffs' favor in the amount of $477,032.29 ($75,032.29 + $402,000.00), plus statutory interest.

Costs of this appeal are assessed to appellee, Norwest.

REVERSED AND REMANDED WITH DIRECTIONS.