# IN THE COURT OF APPEALS OF IOWA

No. 14-2053
Filed October 14, 2015

**DONALD LEE PICKETT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek,
Judge.

The applicant appeals the district court's denial of his motion to correct an
illegal sentence. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller,
Assistant Attorneys General, and Michael J. Walton, County Attorney, for
appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Donald Pickett guilty of first-degree murder and willful injury. This court affirmed his judgment and sentences in 1996. *State v. Pickett*, No. 95-1074 (Iowa Ct. App. Sept. 30, 1996).

Ten years after Pickett's direct appeal became final, the Iowa Supreme Court announced a change in the law relating to willful injury as the predicate felony for first-degree murder. *See State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006). The court held, "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Id.* The court limited the retroactive application of this new rule "to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." *Id.*

Notwithstanding this limitation on retroactivity and the passage of time after his direct appeal became final, Pickett filed a postconviction-relief application seeking the benefit of *Heemstra's* substantive holding.[1] The district court dismissed the 2007 application, noting "Pickett had no appeal pending at the time of the *Heemstra* decision" and "[t]he crime and sentence was authorized by statute at the time it was imposed." The Iowa Supreme Court affirmed by motion the decision based on the limited retroactivity language in *Heemstra*, which was reaffirmed in *Goosman v. State*, 764 N.W.2d 539 (Iowa 2009).

---

[1] Pickett filed an earlier postconviction-relief application, which was also dismissed, as was the appeal. Pickett also filed two habeas corpus actions, which were dismissed.

Not satisfied with this outcome, Pickett filed a motion to correct an illegal sentence, again raising the applicability of *Heemstra's* substantive holding and arguing that, because the issue would affect his sentence, it could be raised at any time. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (noting a claim that a sentence "is inherently illegal, whether based on constitution or statute," can be raised at any time).

The district court concluded Pickett "had his day in court on the issue of retroactivity of *Heemstra* and this is the law of the case." *See State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) ("The law of the case doctrine 'represents the practice of courts to refuse to reconsider what has once been decided.'" (citing *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987))). In the alternative, the court concluded Pickett's "constitutional arguments fail." The court denied his motion to correct an illegal sentence.

On appeal, Pickett argues he raised a Double Jeopardy challenge to his sentence that was not addressed in prior opinions and, accordingly, the district court erred in invoking the law of the case doctrine. Pickett's argument is unpersuasive.

As noted, Pickett raised a *Heemstra* challenge in his 2007 postconviction-relief application. He supported his application with a citation to the Double Jeopardy Clause of the United States Constitution and attendant case law. By ruling against Pickett, the district court and Iowa Supreme Court necessarily rejected this supporting authority.

Pickett's motion for correction of an illegal sentence was, at its core, yet another attempt to have *Heemstra* applied retroactively to his case—a claim that was rejected by the Iowa Supreme Court in his appeal from the dismissal of his second postconviction-relief application. Accordingly, the law of the case doctrine precluded relitigation of the claim. Additionally, as the district court stated, Pickett's constitutional claims failed on the merits. *See, e.g.*, *Goosman*, 764 N.W.2d at 545 (concluding limitation of retroactivity announced in *Heemstra* did not violate federal due process); *Hillman v. State*, No. 14-0158, 2015 WL 5278929, at *2-3 (Iowa Ct. App. Sept. 10, 2015) (rejecting a claim that *Heemstra* should be applied retroactively based on due process, equal protection, and separation of powers of the Iowa and federal constitutions).

We affirm the district court's denial of Pickett's motion to correct an illegal sentence.

**AFFIRMED.**