# IN THE COURT OF APPEALS OF IOWA

No. 16-1689
Filed August 16, 2017

**ROBERT J. SCHULTZ,**
Plaintiff-Appellant,

**vs.**

**IOWA DEPARTMENT OF NATURAL RESOURCES,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Lucas County, David L. Christensen (first petition) and Terry Rickers (second petition), Judges.

Plaintiff appeals the district court opinion affirming the agency's decision denying his request for a resident hunting license. **AFFIRMED.**

Verle W. Norris, Corydon, for appellant.

Thomas J. Miller, Attorney General, and David L. Dorff, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Robert Schultz appeals the district court opinion affirming the agency's decision denying his request for a resident hunting license. We find the agency properly applied the law after the case was remanded back to the agency by the district court. The agency's decision is supported by substantial evidence. Other issues raised on appeal have not been preserved for our review. We affirm the district court's opinion affirming the agency's ruling Schultz was not entitled to a resident hunting license.

### I.      Background Facts & Proceedings

Schultz purchased a resident hunting license in Iowa for several years prior to 2010. In 2009, the legislature amended the residency requirements for fishing and hunting licenses. *See* 2009 Iowa Acts ch. 144, §§ 34, 35. A conservation officer noticed Schultz was at a trailer on his father's property only on weekends or during hunting season, and this raised "red flags" about his residency in Iowa.

The Iowa Department of Natural Resources (DNR) sent Schultz a letter requesting information about his residency status. Schultz responded he was employed in Medina, Minnesota; he did not receive mail in Iowa; he did not pay any utility bills, as his father paid them; he considered his father's home in Chariton, Iowa, to be his residence; and he had no vehicles registered in Iowa. The DNR additionally determined Schultz listed a Minnesota address on his tax returns, he paid property taxes in Iowa, his job in Minnesota was a five-hour drive from Chariton, and Schultz did not own a vehicle—he either drove a company vehicle or his father's vehicle. In June 2010, the DNR informed Schultz "the

totality of the circumstances indicate that Mr. Schultz was claiming Iowa residence solely for hunting purposes," and he therefore, did not meet the residency requirements found in Iowa Code section 483A.1A(10)(a) (2010).

Schultz appealed the agency's decision. A hearing before an administrative law judge (ALJ) was held on May 27, 2011. During the hearing, evidence was presented to show Schultz had both Iowa and Minnesota driver's licenses. The ALJ noted under section 483A.2, a person cannot obtain a resident hunting license if the person claims any resident privileges in another state. The ALJ determined Schultz had claimed resident privileges in Minnesota by obtaining a driver's license there and so could not be considered a resident of Iowa for purposes of obtaining a hunting license. The DNR affirmed the ALJ's decision.

Schultz filed a petition for judicial review (CVCV032267). The district court entered a decision on December 6, 2012, making the following rulings: (1) the 2009 amendments to section 483A.1A did not operate retroactively; (2) Schultz was required to meet current residency requirements; (3) the statute was not void for vagueness; (4) the statute did not violate the Privileges and Immunities Clause; (5) the statute did not violate the Equal Protection Clause; (6) the statute did not violate the Due Process Clause; and (7) Schultz had the burden of proof to show he was a resident of Iowa. The court determined a Minnesota driver's license was not a resident privilege of Minnesota and the DNR should not have based its decision on section 483A.2. The court also determined the ALJ should not have made an adverse inference because Schultz did not specify how much

time he spent in Iowa. The court reversed the decision of the DNR and remanded for further proceedings.

The ALJ held a hearing on remand on June 27, 2013. No new evidence was presented, and the hearing consisted solely of legal arguments. Looking at the evidence previously submitted, the ALJ concluded:

> In light of the paucity of relevant evidence produced by Schultz, and the other evidence submitted by the department showing Schultz's extensive physical and legal ties to the state of Minnesota, I must conclude that Schultz has not carried his burden of proof to establish that he is a resident of the State of Iowa for purposes of enjoying resident hunting privileges. Accordingly, the department's decision must be affirmed.

The DNR affirmed the decision of the ALJ.

Schultz filed a new petition for judicial review (CVCV032487) on November 8, 2013. The official agency record from the remand was never transmitted to the district court. Schultz filed a report stating he had not been able to obtain the complete agency record from the DNR but he submitted the record from CVCV032267 and his copies of the proceedings on remand.

The district court found the earlier decision on judicial review affirmed parts of the DNR decision. The court stated the ALJ "then confined his decision on remand to the issues of Schultz's driver's license, the usage of an adverse inference, and substantial evidence," and concluded these were the only issues properly before the court. The court concluded there was substantial evidence in the record to support the DNR's decision finding Schultz was not a resident of Iowa within the meaning of section 483A.1A(10)(a). The court affirmed the decision of the DNR. Schultz now appeals the decision in CVCV032487.

## II.    Agency Records

On its own motion, the Iowa Supreme Court noted pursuant to Iowa Code section 17A.19(6), the original or a certified copy of the entire agency record must be transmitted to the district court upon the filing of a judicial review petition in a contested case.  The supreme court pointed out it had previously held the absence of an agency record in the district court left it unable to reach the merits of the case and such a deficiency required summary affirmance of the district court's decision.  *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3-4 (Iowa 2005).  The court asked the parties to submit statements concerning the lack of the agency record in this case and to address whether summary affirmance was warranted.  The issue was ordered to be submitted with the appeal.

Schultz stated he asked the DNR to transmit the agency record to the district court but the DNR was unable to locate the records.  Schultz stated he asked the DNR to transmit the agency record in CVCV032267 to the district court and he submitted his own copies of the proceedings on remand, so the record was substantially complete.  The DNR agreed it had not fulfilled its duties under section 17A.19(6) to transmit the agency record to the district court but stated the district court had before it everything necessary to rule on the petition for judicial review.  The DNR stated summary affirmance would be unjust in this case.

The Iowa Supreme Court has stated, "While transmission of less than the full agency record would not necessarily mandate dismissal of an appeal, there must at least be substantial compliance with the law requiring such transmittal and a showing of no prejudice."  *Id.* at 4.  We conclude there was substantial compliance with the requirement in section 17A.19(6) to transmit the agency

record to the district court. The district court had a certified record of all of the proceedings in CVCV032267, when the case was remanded back to the DNR. No additional evidence was taken during the hearing on remand, and Schultz provided the district court with his copies of the remand proceedings. Furthermore, neither of the parties is claiming prejudice, as both ask for the appeal to proceed on the current record. We conclude summary affirmance would not be appropriate here.

### III.    Decision on Remand

**A.**    Schultz claims the ALJ did not follow the directives of the district court in the remand decision. In the ALJ's first decision, the ALJ stated, "I find dispositive to the ultimate issue the parties' stipulation that Schultz holds both Iowa and Minnesota driver's licenses." The first decision was based on the ALJ's application of section 483A.2. The court's ruling on the first petition for judicial review stated,

> The ALJ's determination that a driver's license is a resident privilege of Minnesota was incorrect. . . . While Petitioner should not have held two driver's licenses under the laws of each state, the fact that he held a Minnesota Driver's license did not make him a resident of the state. The ALJ should not have found that "the appellant holds a privilege of residence in another state" because he held a Minnesota driver's license, and his reliance on that fact to find him statutorily ineligible for resident hunting privileges in Iowa was in error. It should not have been a fact in his determination.

The district court's decision became the law of the case on remand. *See State ex rel. Goettsch v. Diacide Distribs., Inc.*, 596 N.W.2d 532, 537 (Iowa 1999). "The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987). "It is a rule which provides that the legal principles

announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." *Id.*

In the remand decision, the ALJ improperly stated he believed "this was an erroneous conclusion by the district court." Whether the district court's decision was right or wrong, it still must be followed on remand. *See id.* The ALJ did not rely on this factor alone, however, but noted several other factors, as well as Schultz's Minnesota driver's license, to reach the conclusion Schultz was not a resident of Iowa for purposes of chapter 483A. In the ruling on the second petition for judicial review, the court found the consideration of the Minnesota driver's license as one factor among many was not an erroneous application of law.

The Iowa Supreme Court has stated chapter 483A "provides a list of nonexclusive factors to consider in determining whether a person has a 'principle and primary residence or domicile' in Iowa." *Democko v. Iowa Dep't of Nat. Res.*, 840 N.W.2d 281, 288 (Iowa 2013). On remand, rather than relying upon the Minnesota driver's license as the dispositive factor to determine residency under section 483A.2, the ALJ considered it as one factor in a list of nonexclusive factors under section 483A.1A(9), defining "principal and primary residence or domicile," and section 483A.1A(10)(a), defining "resident." We conclude the ALJ did not make an erroneous interpretation of the law. *See* Iowa Code § 17A.19(10)(c).

**B.** Schultz claims the ALJ continued to draw an adverse inference from the fact he did not testify at the first administrative hearing, contrary to the

ruling on the first petition for judicial review. The first decision by the ALJ noted Schultz had the burden of proof to establish he met the requisites for a resident hunting license. The ALJ stated it would have been helpful to have information about the amount of time Schultz spent in Iowa versus Minnesota and noted Schultz did not testify at the hearing, where this issue could have been raised. The ALJ stated he could have made an adverse inference based on the lack of information provided by Schultz on the issue. In the ruling on the first petition for judicial review, the district court stated the ALJ was not entitled to draw an adverse inference against Schultz on this issue because Schultz answered questions in an interrogatory, "although not as thoroughly as the agency might have liked."

On remand, the ALJ did not use the term "adverse inference." The ALJ again noted Schultz had the burden of proof and did not present evidence on the amount of time he spent in Iowa. The ALJ did not make any inferences based on Schultz's lack of evidence on this issue but found Schultz failed to meet his burden of proof. In the ruling on the second petition for judicial review, the district court stated the ALJ's decision "was based on relevant evidence submitted by Schultz and stipulated to by both Schultz and the DNR. His remand decision was not influenced by an adverse inference like his initial decision." We conclude the ALJ did not make an erroneous application of the law on this issue.

### IV.     Sufficiency of the Evidence

Schultz claims the decision finding he was not entitled to a resident hunting license is not supported by substantial evidence. Schultz states there was not sufficient evidence in the record to support the agency's decision finding

he did not meet the definition of a resident found in section 483A.1A(10)(a). He claims the evidence showed he was a resident of Iowa. We will uphold an agency's factual findings if they are supported by substantial evidence in the record. Iowa Code § 17A.19(10)(f).

Section 483.1A(10)(a) provides a "resident" is a person who:

> Has physically resided in this state as the person's principal and primary residence or domicile for a period of not less than ninety consecutive days immediately before applying for or purchasing a resident license, tag, or permit under this chapter and has been issued an Iowa driver's license or an Iowa nonoperator's identification card. A person is not considered a resident under this paragraph if the person is residing in the state only for a special or temporary purpose including but not limited to engaging in hunting, fishing, or trapping.

The phrase "[p]rincipal and primary residence or domicile" is defined as:

> the one and only place where a person has a true, fixed, and permanent home, and to where, whenever the person is briefly and temporarily absent, the person intends to return. Relevant factors in determining a person's principal and primary residence or domicile include but are not limited to proof of place of employment, mailing address, utility records, land ownership records, vehicle registration, and address listed on the person's state and federal income tax returns. A person shall submit documentation to establish the person's principal and primary residence or domicile to the department or its designee upon request. The department or its designee shall keep confidential any document received pursuant to such a request if the document is required to be kept confidential by state or federal law.

In determining whether a person is a resident having a principal and primary residence in Iowa, the statute contains "a nonexclusive list of factors, and thus requires the use of a multifactor, totality-of-the-circumstances approach." *Democko*, 840 N.W.2d at 290. On remand, the ALJ considered the following factors in determining Schultz was not a resident of Iowa: (1) he listed a Minnesota address on his tax returns; (2) he worked in Medina, Minnesota, which

was a five-hour drive from Chariton, Iowa; (3) he held a Minnesota driver's license; and (4) his Minnesota address was used on some bills. While there was also evidence showing Schultz's ties to Iowa—he paid property taxes in Iowa, he had an Iowa driver's license, and he received mail at his parents' address in Chariton, Iowa—the ALJ could properly conclude Schultz had "extensive physical and legal ties to the state of Minnesota." These extensive ties to Minnesota showed Iowa was not the one and only place where Schultz had his principal and primary residence. *See* Iowa Code § 483A.1A(9).

"Substantial evidence supports an agency's decision even if the interpretation of the evidence may be open to a fair difference of opinion." *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014). "Accordingly, the district court and the appellate court should not consider the evidence insubstantial merely because the court may draw different conclusions from the record." *Id.* We determine the agency's conclusion Schultz was not a resident of Iowa, as the term is defined in section 483A.1A(10)(a), is supported by substantial evidence.

## V. Other Issues

On appeal, Schultz raises other issues. He claims: (1) the 2009 amendments to section 483A.1A are void for vagueness; (2) the agency improperly applied the 2009 amendments retroactively; (3) the Iowa Savings Statute precludes retroactive application of the amended statutes; and (4) the agency improperly determined he had the burden of proof to establish residency.

Schultz's notice of appeal was filed in CVCV032487.[1] The district court's decision in CVCV032487 stated:

> In particular, [the district court on the first petition] held that the 2009 amendments to Iowa Code Section 483A.1A do not operate retroactively; that the Iowa savings statute does not operate to preclude the DNR from requiring Schultz to meet residency requirements; that the amended residency law is not void for vagueness; that the amended statute does not violate the Privileges and Immunities Clause, the Equal Protection Clause, or the Due Process Clause; and that the administrative tribunal did not err in holding that Schultz had the burden of proof.
>
> However, [the district court] reversed [the] ALJ with respect to [the] ALJ's consideration of Schultz's Minnesota driver's license; his adverse inference relating to Schultz's reluctance to provide additional information; that [the] ALJ erroneously applied applicable law and regulations; and the decision was not supported by substantial evidence.
>
> [The] ALJ then confined his decision on remand to the issues of Schultz's driver's license, the usage of an adverse inference, and substantial evidence. Accordingly, [the district court] did not issue a general remand and those affirmed issues are not subject to further review.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* Here, Schultz did not file a motion requesting the district court to enter a ruling in CVCV032487 on the additional issues he now wishes to raise on appeal. We conclude Schultz has not preserved error on these issues, and we do not address them. *See id.* at 541.

---

[1] Schultz's statement addressing the question about the agency record raised by the Iowa Supreme Court states this case involves an appeal of two separate decisions and lists both case numbers, but the record does not show a notice of appeal was filed in CVCV032267.

We affirm the district court's opinion affirming the agency's ruling Schultz was not entitled to a resident hunting license under chapter 483A.

**AFFIRMED.**