**Keith WALKER, Appellant,**

**v.**

**STATE of Iowa, Appellee.**

**No. 96–2267.**

Supreme Court of Iowa.

Dec. 24, 1997.

John W. Ackerman of Ackerman Law Office, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The applicant, Keith Walker, was convicted of first-degree murder in 1990, and his conviction was affirmed by the court of appeals in 1992. Walker's court-appointed counsel, attorney Edward J. Ennis, filed an application for post-conviction relief on July 8, 1994. Orders entered on May 4 and 22, 1995, au-

thorized the appointment of substitute counsel, Tomas Rodriquez, to represent Walker.

On August 1, 1995, the clerk of court sent out a rule 215.1 notice.[1] The notice states it was mailed or delivered "to all parties entitled to notice under R.C.P. 82." The record does not indicate any action was taken by Rodriquez to schedule or continue a trial date. The case was dismissed on January 1, 1996.

Walker contends he did not learn of the dismissal of his action until December 1996. He then filed a pro se application to reinstate the case. The district court denied the application on the grounds it was filed more than six months after the dismissal and was therefore untimely under rule 215.1.

Walker has appealed. He contends the rule 215.1 dismissal of his case and his delay in filing an application for reinstatement were due to the ineffective assistance of his counsel. He contends due process requires that his failure to file a motion for reinstatement within six months be excused. Our review of rule 215.1 motions to reinstate is at law and not de novo. *See Wharff v. Iowa Methodist Hosp.*, 219 N.W.2d 18, 21 (Iowa 1974). To the extent Walker's appeal encompasses constitutional claims, our review is de novo. *See Kinnersley v. State*, 494 N.W.2d 698, 699 (Iowa 1993).

This court has repeatedly held that even if "good cause" is shown for reinstating a case dismissed pursuant to rule 215.1, a district court lacks the authority to do so where the application for reinstatement was filed more than six months after the dismissal. *Greif v. K–Mart Corp.*, 404 N.W.2d 151, 155 (Iowa 1987); *Greene v. Tri–County Community Sch. Dist.*, 315 N.W.2d 779, 781 (Iowa 1982); *Koss v. City of Cedar Rapids*, 300 N.W.2d 153, 157 (Iowa 1981); *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 297 (Iowa 1978); *Psotka v. Brockney*, 260 N.W.2d 413, 414 (Iowa 1977).

Walker contends the alleged ineffective assistance of his counsel should constitute an exception to the rule. Nothing in rule 215.1 or our case law supports this position and we reject it. *Cf. Dible v. State*, 557 N.W.2d 881, 885 (Iowa 1996) (court declined to recognize that ineffective assistance of counsel constituted exception to three-year statute of limitations of Iowa Code section 822.3). Walker's application for the reinstatement of his case was filed over eleven months after its dismissal and was untimely. We have reviewed Walker's constitutional

---

1. Iowa Rule of Civil Procedure 215.1 provides:

It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried within one year from the date it is filed and docketed and in most instances within a shorter time.

All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in R.C.P. 82 of

    *a.* the docket number,
    *b.* the names of parties,
    *c.* counsel appearing,
    *d.* date of filing petition,

and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte. This rule shall not apply to cases *(a)* pending on appeal from a court of record to a higher court or under order

of submission to the court; *(b)* in which proceedings subsequent to judgment or decree are pending; *(c)* which have been stayed pursuant to the Soldiers and Sailors Civil Relief Act [40 Stat. L. 440; now covered by 50 USC App. § 501 et seq.]; *(d)* where a party is paying a claim pursuant to written stipulation on file or court order; and *(e)* awaiting the action of a referee, master or other court appointed officer; provided, however, that a finding as to *(a)* through *(e)* is made and entered of record. The case shall not be dismissed if there is a timely showing that the original notice and petition have not been served and that the party resisting dismissal has used due diligence in attempting to cause process to be served.

No continuance under this rule shall be by stipulation of parties alone but must be by order of court. Where appropriate the order of continuance shall be to a date certain.

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

claims and find they are without merit. We affirm the decision of the district court.

**AFFIRMED.**