# IN THE COURT OF APPEALS OF IOWA

No. 13-1619
Filed October 14, 2015

**JOHN LEE HRBEK,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A.

Kilnoski, Judge.

John Lee Hrbek appeals from the denial of his application to reinstate his

postconviction-relief action. **REVERSED AND REMANDED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

John Lee Hrbek, Anamosa, pro se.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Matthew Wilber, County Attorney, and Margaret Popp-Reyes, Assistant

County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, Chief Judge.**

John Lee Hrbek appeals from the denial of his application to reinstate his postconviction-relief (PCR) action, which was dismissed on January 1, 2005, pursuant to Iowa Rule of Civil Procedure 1.944.

We generally review an appeal from a denial of a PCR application for correction of errors at law. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). However, we review de novo the applicant's contention his statutory right to effective assistance of postconviction counsel. *See id.*

The district court set out the bizarre procedural history of the PCR action—unreasonably extended as it is:

> The records in the file revealed that the applicant, through his attorney H. Walter Green, filed an application for post-conviction relief on June 30, 1987. The application was timely filed within three years of the March 6, 1986, procedendo that issued after his convictions for two counts of first degree murder were affirmed. On August 14, 1987, Hrbek's counsel filed a motion for default judgment. On August 31, 1987, Hrbek filed a pro se motion for summary judgment. On September 1, 1987, Hrbek filed another pro se motion for summary judgment. A hearing was scheduled for September 1, 1987, on the motion for default judgment. Hrbek's attorney appeared at the hearing September 1. By order filed September 3, 1987, the court denied the motion for default judgment.
> On September 24, 1987, Hrbek filed a pro se motion to adjudicate law points.
> In October 1988, attorney Green moved to withdraw. On October 18, 1988, the court granted Green's motion and appointed attorney Richard Swenson to represent Mr. Hrbek. There was no indication in the file that the order appointing Swenson or allowing Green to withdraw was given to Mr. Hrbek.
> On April 3, 1990, the State made a motion for a more specific statement. The motion was set for hearing on April 24, 1990. The file does not reveal that any order regarding the motion was entered.
> The next entry in the file was on May 11, 1992, when Hrbek filed a pro se "memorandum in support of application for postconviction as amended." He filed an amended application for

postconviction relief the same day. On May 13, 1992, Hrbek filed a pro se amendment to the amended application.

On May 22, 1992, the State moved to dismiss Hrbek's May 13, 1992, action for postconviction relief as being not timely filed within three years of procedendo, which the state urged had issued August 25, 1983. A hearing was scheduled for June 15, 1992, on the State's motion to dismiss. Notice of the hearing was sent to Hrbek and his attorney Swenson.

On June 10, 1992, Hrbek filed a pro se motion to amend and supplement pleadings.

The record shows the next matter docketed was a November 16, 1993, scheduling order setting a hearing on Hrbek's motion to recast, amend and substitute the postconviction petition. Notice of the hearing was sent to Hrbek and his attorney Swenson. The record does not show that a hearing occurred or an order issued.

On March 21, 1994, Hrbek's attorney filed a motion to allow him to amend the petition. On that same date, the court granted the motion to amend the petition and gave the parties thirty days to schedule trial and file a discovery schedule.

There are no records of any action between March 1994 and March 1997, until the court on March 7, 1997, dismissed the case.

On March 28, 1997, Hrbek's attorney moved to set aside the March 7 dismissal, because neither the attorney nor Mr. Hrbek had been notified of a motion to dismiss.

On April 7, 1997, the court set aside the dismissal and reinstated the case.

There was no other action in the case from 1997 until July 29, 2004, when the clerk of court sent notice to attorney Swenson and the county attorney that [a listed] case had to be tried before December 31, 2004, or it would be dismissed on January 1, 2005, for lack of prosecution, pursuant to Iowa Rule of Civil Procedure 1.944.[1]

On January 3, 2005, the case was dismissed under Rule 1.944. Two copies of the dismissal order were sent by the clerk of court, presumably to attorney Swenson and to the county attorney.[2]

Eight-and-one-half years later, Hrbek filed his June 28, 2013, pro se motion to rescind the rule 1.944 dismissal.

Hrbek argues he never received notice of the dismissal and was never

told by his court-appointed attorney the case had been dismissed. He asserts he

---

[1] This dismissal order included a list of more than fifty cases, and Hrbek's name is not legible in the list. We have attached the order as Appendix A.
[2] The dismissal order is attached as Appendix B.

only learned of the dismissal inadvertently in checking on another matter. He contends appointed postconviction counsel was ineffective in failing to prosecute the matter and in not moving timely to set aside the rule 1.944 dismissal.

The district court ruled it was without jurisdiction to reinstate the case after the six-month window noted in rule 1.944(6).[3] This ruling is consistent with *Walker v. State*, 572 N.W.2d 589, 590 (Iowa 1997), which dealt with the predecessor to rule 1.944. There, the court wrote, "This court has repeatedly held that even if 'good cause' is shown for reinstating a case dismissed pursuant to rule 215.1, a district court lacks the authority to do so where the application for reinstatement was filed more than six months after the dismissal." *Walker*, 572 N.W.2d at 590. The *Walker* court stated, "Walker contends the alleged ineffective assistance of his counsel should constitute an exception to the rule. Nothing in rule 215.1 or our case law supports this position and we reject it." *Id.*

However, our supreme court held in *Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011), when a PCR application is dismissed by operation of rule 1.944 "without any consideration of its merits or meaningful adversarial testing" the applicant is constructively without counsel during his PCR proceeding, which constitutes a "structural error" and "renders the entire postconviction relief proceeding 'presumptively unreliable.'" *Lado*, 804 N.W.2d at 252-53. Thus, our

---

[3] Iowa R. Civ. P. 1.944(6) states:

> The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

current case law *does* support the proposition that the alleged ineffective assistance of his counsel constitutes an exception to the rule. *See id.*

We observe, too, that no notice of the rule 1.944 dismissal was sent to Hrbek, and the record is not at all clear whether the rule 1.944 notice was sent to Hrbek's court appointed attorney.[4] "At the very least, procedural due process requires notice and opportunity to be heard in a proceeding that is adequate to safeguard the right for which the constitutional protection is invoked." *State v. Seering*, 701 N.W.2d 655, 665-66 (Iowa 2005) (internal quotation marks and citations omitted). Despite the lengthy lag between the dismissal and Hrbek's motion to rescind the rule 1.944 dismissal—in a case fraught with several unreasonable lengths of inaction by both counsel and the court—Hrbek nonetheless was entitled to the effective assistance of appointed counsel. *See Lado*, 804 N.W.2d at 252.

In *Lado*, the court noted:

> The court specifically warned Lado's counsel that his postconviction relief application was subject to rule 1.944 dismissal. Counsel at no point sought a continuance to obtain relief from the rule's consequences. Additionally, after the court dismissed the case pursuant to the rule, counsel never made application to the court to have the case reinstated as allowed by the rule. When the State filed its motions for summary judgment and dismissal alleging Lado's application should be dismissed pursuant to rule 1.944,

---

[4] The State argues, "[W]hile the minutiae of the notice's formatting may not have complied exactly with rule 1.944, the notice was sufficient to apprise counsel that this case faced dismissal under Rule 1.944 unless some action was taken."

> Rule 1.944(2) provides, in part:
>
> The clerk shall prior to August 15 of each year give notice to counsel of record as provided in rule 1.442 of the docket number, the names of parties, counsel appearing, and the date of filing the petition. The notice shall state that such case will be subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to the rule.

We have attached the notice upon which the State relies in Appendix A. We are not persuaded by the State's proclamations of sufficiency.

Lado's counsel sat silent and did not respond. Not surprisingly, the court dismissed Lado's application for failure to prosecute. Lado was constructively without counsel during his postconviction relief proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing. This is the type of error that renders the entire postconviction relief proceeding "presumptively unreliable." Accordingly, Lado's statutory right to effective counsel entitles him to have his postconviction relief dismissal reversed and to proceed with his postconviction relief proceeding.

*Id.* at 252-53.

We conclude Hrbek is similarly entitled to proceed with his postconviction-relief proceeding. Under the unusual circumstances of this case, we conclude the district court erred in denying reinstatement of the action. *See Friedley v. State*, No. 11-1782, 2013 WL 988628, at *2 (Iowa Ct. App. Mar. 13, 2013).

**REVERSED AND REMANDED.**

Appendix A

PCCV058350

IN THE IOWA DISTRICT COURT
IN AND FOR POTTAWATTAMIE COUNTY

FILED
04 JUL 29 PM 2:46
CLERK DISTRICT COURT
POTTAWATTAMIE COUNTY

IN THE MATTER OF:          *
                          *
ATTACHED CASE LIST         *          1.944 DISMISSAL NOTICE
                          *
                          *
*    *    *    *    *    *    *    *    *    *    *    *

      Pursuant to provisions of Rule of Civil Procedure 1.944, the cases on the attached list will be for trial and subject to DISMISSAL on January 1, 2005 unless an order is entered as provided in said rule.*

      *Rule 1.944 does not apply to cases (a) pending on appeal from a court of record to a higher court or under order of submission to the court, (b) in which proceedings subsequent to judgment or decree are pending, (c) which have been stayed pursuant to the Service Members Civil Relief Act, (d) where a party is paying a claim pursuant to a written stipulation on file or court order, and (e) awaiting the action of a referee master or other court appointed officer, provided, however, that a finding as to (a) through (e) is made and entered of record.

Post December 31 trial or trial setting conference dates will not avoid this rule.

Copy of this notice mailed or delivered as provided in R.C.P. 1.415.

                            Ruth Godfrey
                            Clerk of District Court
                            Pottawattamie County, Iowa

If you feel you have received this notice in error, please contact June Chanley at (712) 328-5605.

CC-Swenson
CoAtty

H:\docs\Forms\Civil\1.944.DismissalNotice.doc

. . . .

| CASE NO | TITLE | DATE |
|---------|-------|------|
| 04781 LACV085138 | CLARKE JORDAN VS NORGARD GEORGE ET AL | 30-APR-03 |
| 04781 LACV085143 | TERRY HOLLINGER ET AL VS NEISEN SHANE ET AL | 30-APR-03 |
| 04781 LACV085171 | ELLA SHEELER ET AL VS LARSEN JAMES ETAL | 05-MAY-03 |
| 04781 LACV085194 | EXCALIBUR 1 LLC VS HALL KORY | 07-MAY-03 |
| 04781 LACV085221 | HUGGINS DANIEL EX REL VS BEASLEY GRACE | 09-MAY-03 |
| 04781 LACV085222 | PATRICK SONDAG VS TINLEY CHRISTOPHER | 09-MAY-03 |
| 04781 LACV085226 | SHERYL SALMONS VS FRANCO JUAN ET AL | 09-MAY-03 |
| 04781 LACV085245 | DONALD CHRISTIANSEN VS CAL CARS ET AL | 14-MAY-03 |
| 04781 LACV085246 | EDWARD INGALLS ET AL VS CAL CARS ET AL | 14-MAY-03 |
| 04781 LACV085272 | BROOKS III CARL L VS AMERISTAR CASINO COUNCIL BLUFFS INC | 19-MAY-03 |
| 04781 LACV085315 | RONALD KING VS GARDNER LINDA ET AL | 22-MAY-03 |
| 04781 LACV085317 | JOHN MONROE ET AL VS KR INDUSTRIES | 22-MAY-03 |
| 04781 LACV085319 | DISCOVER BANK VS BARNHOUSE JEFFERY | 23-MAY-03 |
| 04781 LACV085320 | CARMEL FINANCIAL VS ARNDT LARRY ET AL | 23-MAY-03 |
| 04781 LACV085323 | ABA RECOVERY VS ANDERSON KYLE | 23-MAY-03 |
| 04781 LACV085324 | LINDHORST RENTALS VS PEDERSEN MERLIN ET AL | 23-MAY-03 |
| 04781 LACV085335 | ESCH VS QUIGLEY (DENNIS VS KEITH) | 27-MAY-03 |
| 04781 LACV085337 | BARKER LAURA AND JIM VS PURSCELL JACQUELINE ET AL | 27-MAY-03 |
| 04781 LACV085341 | SOUTHWEST IOWA VS PRUITT WILLIAM ET AL | 28-MAY-03 |
| 04781 LACV085350 | STEVEN WIERSMA ETAL VS BERTELSEN CONST | 30-MAY-03 |
| 04781 LACV085374 | LORI J REIMER VS KINSETH HOSPITALITY | 04-JUN-03 |
| 04781 LACV085386 | WHITEING MARIE AND GERALD VS HARVEYS IOWA MGMT ET AL | 05-JUN-03 |
| 04781 LACV085390 | STERLING FED BANK VS GOWAN MARLIN ET AL | 06-JUN-03 |
| 04781 LACV085434 | FELICIA JONES VS SHACKLETON BRADLEY ETAL | 10-JUN-03 |
| 04781 LACV085444 | BRANDI ALLEN VS BARKER JOSHUA ET AL | 12-JUN-03 |
| 04781 LACV085451 | FARM BUREAU VS BEATTY GARY DBA | 13-JUN-03 |
| 04781 LACV085470 | MEJOL RICKY LEE EX REL VS MENARD INC | 16-JUN-03 |
| 04781 LACV085489 | RETA R MOWATZKE ET AL VS DIETZ BETTY L | 18-JUN-03 |
| 04781 LACV085490 | ROBERT L COLEMAN VS SMITH KENNETH D | 19-JUN-03 |
| 04781 LACV085491 | BANK OF AMERICA VS NORGARD GEORGE ET AL | 19-JUN-03 |
| 04781 LACV085493 | JP MORGAN CHASE BANK VS BLACK DENISE | 19-JUN-03 |
| 04781 LACV085503 | GENERAL SERVICE BUREAU VS LEAL MARK EX REL | 20-JUN-03 |
| 04781 LACV085524 | RICE SHAWN VS ALEXANDER THERMOS DO DC | 25-JUN-03 |
| 04781 LACV085542 | GWINN DAVID VS DARNELL KIM ET AL | 26-JUN-03 |
| 04781 LACV085555 | CLINT BAILEY VS JOHN DOE 1 ET AL | 27-JUN-03 |
| 04781 LACV085558 | LAURA M LEE VS I AND V EXPRESS INC ETAL | 27-JUN-03 |
| 04781 LACV085571 | NOVASTAR MORTGAGE VS COMMONWEALTH ET AL | 02-JUL-03 |
| 04781 LACV085572 | MERCHANTS CREDIT VS WADDELL LUCRETIA ETAL | 02-JUL-03 |
| 04781 LACV085584 | BARBARA PAEZ VS DAKOTA COAST ET AL | 03-JUL-03 |
| 04781 LACV085587 | ELSAN JEFFREY VS QUICK MATTHEW | 03-JUL-03 |
| 04781 LACV085601 | SILVERSTONE GROUP INC VS WHANNELL DIANNE L | 07-JUL-03 |
| 04781 LACV085615 | SUELLEN OVERTON ADMIN VS GUTTER DEPOT ETAL | 08-JUL-03 |
| 04781 LACV085628 | DREMER RONALD R EX REL VS HEREK DEBRA L EX REL | 10-JUL-03 |
| 04781 LACV085629 | RADFORD VS BASSEKH (BRADLEY VS BEHROUZ) | 10-JUL-03 |
| 04781 ▓▓▓▓▓▓▓▓ | ▓▓▓▓▓ VS STATE | 08-APR-97 |
| 04781 PCCV067875 | DANA THIEL VS STATE OF IOWA | 31-OCT-94 |
| 04781 PCCV068252 | THOMAS C EARL VS STATE OF IOWA | 09-FEB-95 |
| 04781 PCCV068415 | ANTHONY JOSEPH SALESTERI JR VS STATE OF IOWA | 17-MAR-95 |
| 04781 PCCV068779 | LAURENCE KARL BUREIN VS STATE OF IOWA | 23-MAY-95 |
| 04781 PCCV069170 | JIM L GAMAS VS STATE OF IOWA | 08-AUG-95 |
| 04781 PCCV069207 | DORTHY JACKSON CANON VS STATE OF IOWA | 14-AUG-95 |
| 04781 PCCV069892 | JULIE ANN MAINS VS STATE OF IOWA | 02-JAN-96 |
| 04781 PCCV070475 | SEAN DANIEL CASHOILI VS STATE OF IOWA | 22-APR-96 |
| 04781 PCCV070809 | TIMOTHY MCCURRY VS STATE OF IOWA | 26-JUN-96 |
| 04781 PCCV072504 | JOHN COLLINS VS STATE OF IOWA | 26-MAR-97 |

Appendix B

```
----------------------------------------------------------
STATE OF IOWA, DISTRICT COURT  |  Case No.
POTTAWATTAMIE  COUNTY          |  04781  PCCV058350
----------------------------------------------------------
Plaintiff/Petitioner
JOHN L HRBEK

VS

Defendant/Respondent                          ----------------
STATE OF IOWA                                  ORDER   U/C  |
----------------------------------------------------------
PLAINTIFF ATTORNEY:
PETITIONER ATTORNEY: RICHARD C SWENSON
DEFENDANT ATTORNEY:
RESPONDENT ATTORNEY: POTTAWATTAMIE COUNTY ATTORNEY'S OFFICE

ORIGINAL CHARGE:

DATE:


THIS CASE IS DISMISSED PURSUANT TO RULE OF CIVIL
PROCEDURE 1.944.  COSTS IN THE AMOUNT OF $  - 0 -
ARE TAXED TO PLAINTIFF.



                 JUDGE FOURTH JUDICIAL DISTRICT
```

FILED 2006 JAN -3 PM 2: 02 CLERK DISTRICT COURT POTTAWATTAMIE COUNTY IOWA

2 copies mailed