# IN THE COURT OF APPEALS OF IOWA

No. 16-1001
Filed June 21, 2017

**MONTRELL DESHONE ANDERSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

The applicant appeals from the district court's summary dismissal of his second application for postconviction relief. **AFFIRMED.**

Ryan R. Gravett of Oliver Gravett Law Firm, P.C., Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Montrell Anderson appeals from the district court's summary dismissal of his second application for postconviction relief (PCR). Following a jury trial, on November 8, 2005, Anderson was convicted of burglary in the first degree and sexual abuse in the second degree. Anderson filed a direct appeal from his conviction, claiming the district court had wrongly refused to give him a new trial after the primary witness recanted her testimony. A panel of our court affirmed Anderson's conviction. *See State v. Anderson*, No. 06-1212, 2007 WL 750561, at *3 (Iowa Ct. App. Mar. 14, 2007). Procedendo issued on April 30, 2007.

Anderson then filed his first application for PCR. He raised a number of ways in which he claimed trial counsel and direct appeal counsel were ineffective in their representation of him. The district court denied Anderson's application in its entirety, and Anderson appealed. A panel of our court affirmed the district court's denial of his application. *See Anderson v. State*, No. 10-0182, 2010 WL 5394782, at *8 (Iowa Ct. App. Dec. 22, 2010).

Anderson filed his second application for PCR—the application at issue here—on January 23, 2012. The State filed a motion to dismiss approximately four years later, on January 18, 2016. The State maintained Anderson's second application was time-barred because the statute of limitations had run as of April 29, 2010. *See* Iowa Code § 822.3 (2011) (requiring all applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). On May 19, 2016, Anderson filed a motion for leave to amend his application. The supplemental application asserted a number of ineffective-assistance claims and that there

were material facts not previously presented that required vacation of Anderson's conviction. *See* Iowa Code § 822.2(1)(d). Specifically, Anderson claimed (1) the victim had recanted her allegations, (2) the victim was pressured into her initial testimony by law enforcement and the prosecuting attorney, and (3) the victim had withheld information regarding his occupancy in the premises he was convicted of unlawfully entering and he had new evidence to establish his right and title to the premises. Anderson did not assert that his second application—filed almost five years after procedendo issued on his direct appeal—met the exception to the three-year limit because it involved "fact or law that could not have been raised within the applicable time period." *See id.* § 822.3.

On May 24, 2016, the district court granted the State's motion to dismiss, stating:

> 98 or 99 percent of all the matters in the pro se application and the amendment of May 19, 2016, were previously dealt with by the trial court, the appellate court on direct appeal, the trial court on the first postconviction relief application and the appellate court on the appeal of the first postconviction-relief application.
> . . . .
> Defendant is well outside the three-year statute of limitations permitted to file his claim. Additionally, the claims have been previously litigated.

Anderson maintains the district court erred when it granted the State's motion for summary dismissal of his application. He focuses his claim on the "new evidence" involving his right, title, and equitable interest in the occupancy of the premises he was alleged to have unlawfully entered. Additionally, he claims he should have been allowed to develop his ineffective-assistance claims. We review the district court's summary dismissal of Anderson's application for

correction of errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

Anderson's application is time-barred unless it meets the exception for a ground of fact or law that could not have been raised within the applicable time period. *See* Iowa Code § 822.3. Anderson has the burden to show that his application comes within the exception. *See Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). Insofar as Anderson has tried to raise claims of alleged ineffective assistance from his trial counsel and his first PCR counsel, our supreme court has explicitly rejected the argument that ineffective assistance of counsel constitutes an exception to the three-year statute of limitations. *See Walker v. State*, 572 N.W.2d 589, 590 (Iowa 1997).

Although Anderson asserted in his application that he had "newly discovered evidence" regarding his right to enter the premises which he was convicted of burglarizing, Anderson has failed to even assert

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*See Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (citation omitted). Anderson has not explained what form this evidence is in, and we can foresee no reason why it could not have been discovered earlier in the exercise of due diligence since it purportedly involves Anderson's right to live at the premises—a fact Anderson would have known at the time of his trial.

Because Anderson has failed to establish a genuine issue of material fact regarding whether he has newly discovered evidence that could not have been

raised during the statute of limitations, the district court properly granted the State's motion for summary dismissal of the application. *See* Iowa Code § 822.6 (stating the court may grant a motion for summary disposition of the application when there is no genuine issue of material fact and the moving part is entitled to judgment as a matter of law). We affirm.

**AFFIRMED.**