# IN THE COURT OF APPEALS OF IOWA

No. 16-0463
Filed June 21, 2017

**KEITH C. WALKER,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Keith Walker appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Tod J. Deck of Deck Law, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Keith Walker was found guilty of first-degree murder in 1990, and his conviction was affirmed in 1992. He filed his fifth application for postconviction relief in 2013. The State moved to dismiss the application as time-barred. Following a hearing, the district court concluded, "All of Mr. Walker's claims are barred by the statute of limitations." Walker appealed.

Iowa Code section 822.3 (2013) requires most postconviction relief applications to be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Walker's fifth application was filed twenty-one years after procedendo issued. It was untimely.

Walker "now asserts that the statute of limitations is an affirmative defense that was waived when not raised in a timely manner by the [S]tate." He relies on Iowa Code section 822.6, which states: "Within thirty days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion . . . ." We decline to address this argument because it was not asserted below. *See Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013); *Top of Iowa Co-op. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.").

Walker also contends his "application has merit and he was not sufficiently informed of the district court's intention to summarily dispose of his application." To the contrary, the district court afforded Walker the opportunity to resist the

motion and granted a hearing on the motion at which Walker voiced his own views in addition to the views expressed by his attorney.

Walker next argues "summary judgment was improper . . . because [his] application state[d] issues of material fact," "[t]he law under which [he] was convicted has changed significantly," and "he should be afforded an opportunity to be heard on the merits of his application." Walker makes no further argument on this point. Reading between the lines, we assume he disputes the postconviction court's conclusion that his *Heemstra* challenge to a felony-murder jury instruction fell outside the limitations period. *See State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006) (holding "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes"); *see also* Iowa Code § 822.3 (stating "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"); *Nguyen*, 829 N.W.2d at 188 (holding the three-year limitations period in section 822.3 did not bar the applicant's constitutional challenge to his felony-murder instruction based on the holding of *Heemstra* because *Heemstra* constituted a ground of law that could not have been raised within the applicable time period).

We discern no error in the postconviction court's conclusion. Although the Iowa Supreme Court recognized that a *Heemstra*-style challenge could fall within the "ground of law" exception to the three-year time bar, the court essentially held such a challenge would need to be raised within three years of *Heemstra*. *See Nguyen v. State*, 878 N.W.2d 744, 749-50 (Iowa 2016) ("Since Nguyen had filed his application for postconviction relief within three years, his claims as to

retroactivity were not time-barred."); *see, e.g.*, *Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *1-3 (Iowa Ct. App. Sept. 10, 2015); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015). Walker's fifth postconviction application was not filed within three years of the *Heemstra* opinion. His claim based on *Heemstra* is time-barred.[1]

We turn to Walker's pro se arguments based on *Lado v. State*, 804 N.W.2d 248 (Iowa 2011). In *Lado*, the supreme court held a postconviction attorney's failure to seek a continuance or to have a postconviction relief application reinstated following the issuance of a notice of automatic dismissal under Iowa Rule of Civil Procedure 1.944 constituted a breach of an essential duty and amounted to structural error. 804 N.W.2d at 251-53. Walker raised the identical issue in his first application for postconviction relief, which preceded the filing of *Lado*. The Iowa Supreme Court rejected the argument. *See Walker* v. *State*, 572 N.W.2d 589, 589-90 (Iowa 1997). Having finally adjudicated the issue, Walker is barred from raising the same ground for relief. *See* Iowa Code § 822.8 ("Any ground finally adjudicated . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was . . . inadequately raised in the original . . . application").[2] The State

---

[1] In addition, we previously rejected this claim. *See Walker v. State*, No. 07-0541, 2008 WL 2357720, at *3 (Iowa Ct. App. June 11, 2008). And, the Iowa Supreme Court rejected Walker's constitutional challenge to prospective application of *Heemstra*, stating "the nonretroactive application of *Heemstra* does not violate the due process, separation of powers, or equal protection clauses of the Iowa Constitution or the Equal Protection Clause of the United States Constitution." *Nguyen*, 878 N.W.2d at 759.

[2] Based on *Lado*, this court reversed the automatic dismissal of postconviction relief applications in *Hrbek v. State*, No. 13-1619, 2015 WL 6087572, at *3 (Iowa Ct. App. Oct. 14, 2015) and *Friedley v. State*, No. 11-1782, 2013 WL 988628, at *2 (Iowa Ct. App. Mar. 13, 2013). However, the applicants in those cases had not previously adjudicated the issue and obtained final appellate opinions.

raised this alternative basis for dismissing the *Lado* claim in the district court. We affirm the district court on this ground.

Finally, Walker argues his postconviction attorney was ineffective in declining to pursue his *Lado* argument. As noted, the postconviction court gave Walker the opportunity to supplement his attorney's statements. Walker spoke extensively about *Lado*, structural error, and the effect of *Lado* on his case. Accordingly, he cannot establish *Strickland* prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 691-96 (1984).

We affirm the dismissal of Walker's postconviction relief application.

**AFFIRMED.**