# IN THE COURT OF APPEALS OF IOWA

No. 16-1257
Filed July 19, 2017

**KEITH C. WALKER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The applicant appeals from the district court's denial of his application to reinstate his postconviction-relief action. **AFFIRMED.**

Tod J. Deck of Deck Law, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

In 1990, Keith Walker was convicted of first degree murder and sentenced to serve a life term in prison. The supreme court affirmed his conviction on direct appeal two years later, and procedendo issued in April 1992.

Walker filed a timely application for postconviction relief (PCR) in July 1994. Walker maintained, among other things, that he had information that "several jurors were biased," including purported information about one juror who stated she never associated with minorities and two other jurors who had knowledge of the case before trial. He also claimed the prosecutor failed to "relinquish" two pieces of exculpatory evidence.

A hearing on Walker's PCR application was originally scheduled for October 1994. Walker's counsel filed a motion to continue, and the court granted the motion, stating, "[T]his matter is removed from the assignment of October 27, 1994, and shall be reset upon application of the attorney for the plaintiff."

In March 1995, the court set the hearing for July 1995.

In May, the court filed an order appointing Walker a new attorney.

On August 1, Walker's new attorney was sent notice that the case would be dismissed for want of prosecution if it was not tried prior to January 1, 1996. The only person listed in the "to" section of the notice was Walker's attorney. It is unclear from the record before us why the July hearing did not take place as had been previously scheduled.

Walker's new attorney took no action, and the case was dismissed pursuant to Iowa Rule of Civil Procedure 215.1 (now rule 1.944).

In December 1996, Walker filed a pro se application for reinstatement of his PCR action. He maintained that the counsel who was appointed in May 1995 had never directly communicated with him about his case. He also stated that he was told by his co-defendant's counsel that appointed counsel had stated he was no longer representing Walker. It was only when Walked filed a pro se motion for appointment for new counsel in November 1996 that he learned from the clerk's office that his PCR application had already been dismissed by the court.

The district court denied Walker's application for reinstatement because it was filed more than six months after his PCR application was dismissed.

Walker appealed the district court's ruling. Walker claimed that there should be an exception to the six-month limit for reinstatement because his counsel was ineffective, but the supreme court found that "[n]othing in rule 215.1 or our case law supports this position and we reject it." *Walker v. State*, 572 N.W.2d 589, 590 (Iowa 1997). The supreme court affirmed the district court's ruling. *Id.* at 591.

Walker filed a second application for reinstatement in May 1998. The district court again denied the petition, noting the supreme court had already affirmed its denial of his first application and stating, "The Court will not entertain further applications for postconviction relief from this Defendant."

Walker initiated the present action in April 2016, when he filed a motion asking the court to reinstate his first PCR action "in light of" *Hrbek v. State*, No. 13-1619, 2015 WL 6087572, at *3 (Iowa Ct. App. Oct. 14, 2015). The district court denied Walker's motion, stating, "The Court finds the *Hrbek* case is distinguishable from Applicant's, in that Applicant was given proper service and

notice of the motion to dismiss his postconviction relief and time to respond to the dismissal, whereas the Applicant in *Hrbek* was not."

Walker filed a motion to reconsider, claiming nothing in the record suggested Walker was notified of the dismissal of his case before the six months to file for reinstatement had lapsed. The district court denied Walker's motion to reconsider, and he appealed.

Walker's underlying claim is that the attorneys who allowed his PCR action to be dismissed without the underlying merits being considered provided ineffective assistance. We review claims of ineffective assistance de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

Although the district court stated that Walker received "proper service and notice of the motion to dismiss" his first PCR application, we do not believe the record supports the assertion. The notice stating that the case would be dismissed only states that it is "to" Walker's attorney. There is a sentence at the bottom stating, "This notice mailed or delivered to all parties entitled to notice under R.C.P. 82 on the 1st day of August, 1995." Rule 82 states, in part, "Service upon a party represented by an attorney shall be made upon the attorney unless service upon the party himself is ordered by the court." Iowa R. Civ. P. 82 (1995). Additionally, the copy of the form order by the Clerk of Court dismissing the case in the record before us is not file stamped and it does not include a certificate of service. Nothing suggests Walker ever personally received such notice, and the claim that his attorney did—and then did nothing about it—is what supports Walker's claim his counsel was ineffective.

In *Lado*, the PCR applicant's case was dismissed after the applicant's counsel had received notice the action would be dismissed for want of prosecution (pursuant to rule 1.944). 804 N.W.2d at 250. The applicant appealed, alleging the dismissal had resulted because his counsel had provided ineffective assistance. *Id.* Our supreme court ruled, "Permitting a client's postconviction relief application to be dismissed because of inaction is never an effective trial strategy. Counsel's failure to seek a continuance of the case, or to apply to have the case reinstated, resulted from abdication, not exercise, of professional judgment." *Id.* at 251. The court found that such failure was a "structural error" because the applicant "was constructively without counsel during his postconviction-relief proceeding as his application was dismissed without any consideration of its merits or meaningful adversarial testing." *Id.* at 253. In such a case, no specific showing of prejudice is required because prejudice is presumed. *Id.* at 252, 253.

Although *Lado* appears at first blush to apply to Walker's case, the supreme court earlier considered Walker's claim that his first PCR action should be reinstated and denied it, finding no merit in the claim. *See Walker*, 572 N.W.2d at 590. "The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987) "It is a rule which provides that the legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals." *Id.* An exception exists "when the controlling law has been clarified by judicial decisions following

remand." *United Fire & Cas. Co. v. Iowa Dist. Ct.*, 612 N.W.2d 101, 104 (Iowa 2000). But here, the holding of the supreme court's decision in Walker's case still holds. Moreover, even if *Lado* did change the controlling law surrounding the earlier refusal to reinstate Walker's case, his motion to reinstate based on *Lado*—five years after it was decided—is untimely. *See, e.g.*, *Phuoc Thanh Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (noting the applicant had filed his PCR application "more than three years after procedendo had issued on his original direct appeal, but less than three years after" a new ground of law was announced in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006)); *Frasier v. State*, No. 15-0533, 2016 WL 3269574, at *2 (Iowa Ct. App. June 15, 2016) (recognizing an "implicit three-year limitation on raising the ground-of-law exception"); *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015) (same); *Claybon v. State*, No. 12-1396, 2014 WL 1999057, at *2 n.4 (Iowa Ct. App. May 14, 2014).

Also, we note that another panel of our court was recently asked to consider the appeal from Walker's fifth PCR application, in which he made the same arguments regarding the dismissal of his first PCR action for his 1992 murder conviction. *See Walker v. State*, No. 16-0463, 2017 WL 2684333, at *2 (Iowa Ct. App. June 21, 2017). The panel noted, as we have above, that our supreme court had already rejected Walker's claim and concluded, "Having finally adjudicated the issue, Walker is barred from raising the same ground for relief." *Id.* (citing Iowa Code § 822.8 (2013)).

For all the foregoing reasons, we affirm the district court's refusal to reinstate Walker's initial PCR action.

**AFFIRMED.**