# IN THE COURT OF APPEALS OF IOWA

No. 16-1328
Filed August 1, 2018

**DUANE YATES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, John D.

Ackerman, Judge.

Duane Yates appeals the district court order dismissing his motion to

reopen his first postconviction-relief action. **AFFIRMED.**

Jacob Mason of JL Mason Law, PLLC, Ankeny, for appellant.

Duane Yates, pro se.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Duane Yates was convicted of second-degree sex abuse in 2002. *See State v. Yates* (*Yates I*), No. 02-1681, 2003 WL 22697964, at *4 (Iowa Ct. App. Nov. 17, 2003). Since then, Yates has engaged in what his appellate brief characterizes as "voluminous litigation." *See generally Yates v. State* (*Yates VI*), No. 16-0349, 2016 WL 7393896 (Iowa Ct. App. Dec. 21, 2016); *State v. Yates* (*Yates V*), No. 14-1774, 2015 WL 4936273 (Iowa Ct. App. Aug. 19, 2015); *State v. Yates* (*Yates IV*), No. 12-2273, 2014 WL 2600212 (Iowa Ct. App. June 11, 2014); *Yates v. State* (*Yates III*), No. 08-1879, 2009 WL 3064427 (Iowa Ct. App. Sept. 17, 2009); *State v. Yates* (*Yates II*), No. 03-1268, 2005 WL 425458 (Iowa Ct. App. Feb. 24, 2005).

He filed a postconviction-relief (PCR) application in June 2004 and another one in July 2004. The actions were consolidated in 2005[1] and dismissed in 2006 under Iowa Rule of Civil Procedure 1.944 for want of prosecution. Yates attempted to reinstate the action two years later, but the district court denied the motion because it was untimely. *See Walker v. State*, 572 N.W.2d 589, 590 (Iowa 1997) (stating the court lacks authority to reinstate a case dismissed for want of prosecution more than six months before the application to reinstate is filed). On appeal, we agreed the court lacked jurisdiction to reinstate an action two years after it was dismissed under rule 1.944 and affirmed. *Yates III*, 2009 WL 3064427, at *1-2.

---

[1] We refer to these actions as the first PCR action.

In 2011, filed another PCR application in which he argued the ineffective assistance of his first PCR counsel should allow him to avoid the time bar on PCR claims set forth in Iowa Code section 822.3. Although the application was determined to be untimely and ultimately dismissed, the PCR court addressed the merits of Yates's claims despite the time bar and determined that Yates's first PCR counsel was ineffective based on his lack of diligence in pursing the matter. The court then proceeded to address the merits of Yates's PCR claims as if it had not made the determination that the claims were untimely under section 822.3. In its 2012, comprehensive fifty-three page ruling, the court ultimately found Yates's claims lacked merit. Yates never appealed that determination. In 2014 Yates moved to reopen the 2011 PCR action "due to new evidence." The motion was denied, and Yates appealed. He voluntarily dismissed the appeal.

In 2014, Yates filed another PCR application. In November 2015, the PCR court sustained the State's motion for summary judgment finding Yate's claims time-barred. More legal wrangling followed, and Yates eventually appealed.

In 2016, just days after filing his notice of appeal, Yates moved to reopen his first PCR action, arguing the dismissal was the result of the ineffective assistance of his first PCR counsel and amounted to a structural error in the PCR proceedings that entitles him to reopen the matter. *See Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011) (holding PCR counsel's ineffective assistance in failing to avoid dismissal under rule 1.944 amounted to structural error that rendered the entire PCR proceeding "presumptively unreliable," thereby entitling the applicant to reversal of the order dismissing his PCR action so that he could proceed to a determination on the merits of his claims); *Hrbek v. State*, No.13-1619, 2015 WL

6087572, at *2-3 (Iowa Ct. App. Oct. 14, 2015) (concluding the applicant was entitled to reinstatement of a PCR action that had been dismissed eight years earlier under rule 1.944 due to the ineffective assistance of PCR counsel, which resulted in structural error). In August 2016, the district court denied the motion based on claim preclusion. Yates appealed two days later. The appeal was transferred to this court in April 2018.

While the current appeal was pending, this court affirmed the dismissal of Yates's 2014 PCR action. *Yates VI*, 2016 WL 7393896, at *2. In addition to concluding the action was untimely, we determined that many of Yates's claims had been raised and decided previously and, therefore, he could not relitigate them. *Id.* For the same reason, we affirm the denial of Yates's motion to reopen his first PCR action. Following dismissal of the first PCR action, Yates had the opportunity to have his claims heard and decided. The PCR court in the 2011 action adjudicated the claims on the merits and found them lacking. We said the same with regard to his 2014 PCR action. *Id.* "Relitigation of previously adjudicated issues is barred." *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971).

We also reject Yates's pro se claims and arguments for the same reasons stated above. Accordingly, we affirm the denial of Yates's motion to reopen the first PCR proceeding.

**AFFIRMED.**