**IN THE COURT OF APPEALS OF IOWA**

No. 20-1257
Filed September 21, 2022

**KEITH WALKER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

An applicant appeals the denial of his application for post-conviction relief.

**AFFIRMED.**

William Ray Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Israel J. Kodiaga, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Keith Walker was convicted in 1990 for first-degree murder. *Walker v. State*, No. 03-1625, 2005 WL 3297352, at *1 (Iowa Ct. App. Dec. 7, 2005). His conviction was upheld on direct appeal in 1992. *Id.* (citing *State v. Walker*, No. 90-1883 (Iowa Ct. App. Feb. 25, 1992)). Walker's prior post-conviction relief (PCR) applications have all been denied and affirmed on appeal.[1] He filed his sixth PCR application May 20, 2019, raising thirty-four points of error. The court denied his application on September 25, 2020.

Walker appeals the denial of his sixth PCR application. He contends newly discovered evidence allows him to bring a claim beyond the three-year time-bar imposed by Iowa Code section 822.3 (2019). He also alleges a recent case, *State v. Plain*, 898 N.W.2d 801, 826 (Iowa 2017), should be applied retroactively to his case. He claims previous PCR counsel were ineffective in failing to bring these claims. Because Walker's claims are without merit, we affirm.

Iowa Code section 822.3 provides,

> All other applications must be filed within three years from the date of conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Walker was convicted in 1990, and his appeal was final in 1992. Such places his sixth application well beyond the three-year time-bar.

---

[1] *See Walker v. State,* 572 N.W.2d 589, 591 (Iowa 1997); *Walker v. State*, 2005 WL 3297352, at *3 (Iowa Ct. App. Dec. 5, 2005); *Walker v. State*, No. 07-0541, 2008 WL 2357720, at *3 (Iowa Ct. App. June 11, 2008); *Walker v. State*, No. 10-0901, 2012 WL 3860651, at *1 (Iowa Ct. App. Sept. 6, 2012); *Walker v. State*, No. 16-0463, 2017 WL 2684333, at *2 (Iowa Ct. App. June 21, 2017); *Walker v. State*, No. 16-1257, 2017 WL 3067406, at *3 (Iowa Ct. App. July 19, 2017).

However, Walker claims that a co-defendant's recantation, which he suggests shows his actual innocence, and discovery that his counsel also represented the same co-defendant, are newly discovered evidence.[2] The record belies this contention. Our court directly explained that the co-defendant's recantation, as a matter of law, was not new evidence in Walker's third PCR. *Walker*, 2008 WL 2357720, at *2. Similarly, Walker's third PCR application alleged, "The Defendant's trial attorney was ineffective and acted in conflict of the Defendant's interests by representing the interests of the Defendant's co-defendant." Thus, the notion that a *Watson* conflict existed or that the co-defendant recanted their testimony was known to Walker, at the latest, when he filed the PCR application in August 2006. Neither Walker's actual innocence claim nor his *Watson* claim are based on newly discovered evidence, and the district court correctly found them barred by section 822.3.[3]

Walker's request to retroactively apply *Plain* similarly fails. Our supreme court considered a similar request in *Thongvanh v. State*, 938 N.W.2d 2, 6 (Iowa 2020). After concluding that *Plain* was a new ground of law under section 822.3, the court held, "*Plain*'s holding . . . does not apply retroactively to cases on collateral review." *Thongvanh*, 938 N.W.2d at 16 (discussing *Plain*, 898 N.W.2d at 826). The court affirmed the dismissal of Thongvanh's PCR application because *Plain* could not be applied to challenge his conviction from 1984. *Id. Thongvanh*'s

---

[2] *See State v. Watson*, 620 N.W.2d 233, 239 (Iowa 2000) (noting that a conflict arises when defense counsel also represents an adverse witness).

[3] For the same reasons, Walker's claims are barred under section 822.8, which prohibits any claim finally adjudicated from being the basis of a later application.

conclusion precludes us from retroactively applying *Plain* to this case.  We affirm the denial of Walker's sixth PCR application.

**AFFIRMED.**